# RELEASE AND HOLD HARMLESS AGREEMENT

## I

FOR THE SOLE CONSIDERATION of the sum of twenty two thousand, eight hundred eighty two and 23/100 dollars ($22,882.23), the undersigned James Mattox hereby releases and forever discharges the City of Portland, its agents, officers, employees, officials, and all other persons, firms, corporations or other entities liable or who might be claimed to be liable (hereafter "the City of Portland") from any and all claims for damages and/or injuries from or relating to the events occurring on or about August 4, 2018, at approximately SW Columbia Street and SW Naito Parkway in Portland, Oregon.

## II

IT IS UNDERSTOOD AND AGREED that the payment made to the undersigned under this agreement is not to be construed as an admission of liability. The City of Portland expressly denies liability to the undersigned, or any other person for injuries or damages arising out of the aforementioned incident.

## III

IT IS FURTHER UNDERSTOOD AND AGREED that this agreement releases the City of Portland from any and all claims arising out of the above-described causes of action, and claims against the proceeds of said action including, but not limited to, medical liens, hospital liens, Social Security Administration liens, MediCare liens, workers' compensation liens, liens of the State of Oregon Department of Human Services and all other liens against the above-described causes of action at the time of execution hereof.

## IV

A. The Parties also acknowledge any Medicare and Medicaid interest payable under this Agreement shall be the sole and exclusive responsibility of James Mattox. James Mattox agrees that the duties stated in this paragraph are non-delegable and failure to perform such duties shall provide the City of Portland with a right to recover any monies paid due to the failure to satisfy Medicare's interests, including any additional expenses incurred and attorney fees. The Parties acknowledge and understand that the City of Portland will report any payment to a Medicare beneficiary in settlement of a claim under a liability insurance policy or self-Insurance to Medicare (CMS).

B. James Mattox agrees and warrants that he will satisfy any and all applicable Medicare, Medicaid, and private insurer liens and third-party claims prior to receiving any portion of the settlement payment set forth in section I from the Levi Merrithew Horst PC Client Trust Account. With respect to the interests of Medicare and the Centers for Medicare and Medicaid Services ("CMS"), James Mattox represents and warrants that he received notice from Medicare/CMS asserting the rights to $___0___ in conditional payments relating to the past medical care and treatment of James Mattox. If James Mattox fails to satisfy such liens, James Mattox shall defend and indemnify the City of Portland, its agents, officers, employees, officials, and all other persons, firms, corporations or other entities from any and all claims arising out of such failure.

Page 1 – RELEASE AND HOLD HARMLESS AGREEMENT

Exhibit 1
Notice of Settlement

C. James Mattox shall provide a final payment letter indicating that the interests of CMS have been resolved prior to receiving any portion of the settlement payment set forth in section I.

D. In consideration of the payments set forth in the Settlement Agreement, James Mattox waives, releases, and forever discharges the City of Portland from any obligations for any claim, known or unknown, arising out of the failure of the City of Portland to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. § 1395y(b)(3)(A).

E. James Mattox understands this settlement may impact, limit or preclude his right or ability to receive future Medicare/CMS benefits arising out of the injuries alleged, and nevertheless wishes to proceed with the settlement.

F. The parties have attempted to resolve this matter in compliance with both state and federal law, and have considered Medicare's interests. James Mattox has concluded that a Medicare Set-Aside ("MSA") is not required or appropriate in this matter. It is not the intention of the parties to shift responsibility for payment of future medical expenses to Medicare pursuant to 42 U.S.C. § 1395y(b) or the Federal Government.

G. Should any person or entity not a party hereto challenge the validity of this Settlement Agreement, or any term thereof, pursue recovery of monies from the City of Portland or bring a claim or claims against the City of Portland arising out of 42 U.S.C. § 1395y(b) related to payment for items or services related to the injuries claimed in this action, James Mattox shall provide to the City of Portland such cooperation and assistance as the City of Portland may reasonably request in order to resist such a challenge or defend such a claim.

V

THE UNDERSIGNED AGREES AND WARRANTS that all expenses incurred to date or which will be incurred in the future, which are related in any way to claims being released herein, have either been paid or will be paid from the proceeds of this settlement and that James Mattox will hold the City of Portland, its agents, employees and assigns harmless from any claim for any such expense whenever incurred and, if any suit is filed against the City of Portland to collect such claim, James Mattox will accept the tender of defense of any such claim, defend it at his expense and pay any judgment entered therein and agree to compensate the City of Portland for any expense or liability incurred as a result of the filing of such suit.

VI

THE UNDERSIGNED HEREBY DECLARES that he read this Release and that it is fully understood and voluntarily accepted for the purpose of making a full and complete settlement and compromise of any and all claims arising out of the above-described incident, in whatever legal form or theory he might assert, whether disputed or otherwise, and in particular including, but not limited to, those matters set forth in the complaint of James Mattox in the United States District Court, District of Oregon entitled *Aaron Cantu, James Mattox and Tracy Molina vs. City of Portland,* Case Number 3:19-cv-1606-SB.

VII

IT IS EXPRESSLY UNDERSTOOD AND AGREED that this Release and Hold Harmless Agreement is intended to, and does, cover not only all known losses and damages, but any further losses and damages not now known or anticipated which may later develop or be discovered including all effects and consequences thereof.

VIII

THE TERMS SET FORTH HEREIN are contractual and not a mere recital.

IX

IT IS FURTHER UNDERSTOOD AND AGREED that this Release and Hold Harmless Agreement releases any and all claims for nondisclosure, fraud or misrepresentation and any and all claims for nondisclosure, fraud or misrepresentation in the inducement of this agreement.

X

THE UNDERSIGNED FURTHER STIPULATES AND AGREES that the above case may be dismissed with prejudice and without costs or attorney's fees to any party.

DATED this 1st day of April, 2020.

s/ James Mattox
James Mattox

I hereby approve and declare that in compliance with the Governor's Executive Order No. 20-12: Stay Home, Save Lives issued on March 23, 2020, authorization of the above electronic signature of our client, James Mattox, was provided on 1st day of April, 2020.

APPROVED:

s/ *Viktoria Safarian*
Viktoria Safarian, OSB No. 175487
Jesse Merrithew, OSB No. 074564
*Of Attorneys for Plaintiff, James Mattox*